UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                          Case Number 14-20117
                                                Honorable David M. Lawson

v.

MANOLO M. GARZA,

                Defendant.

_____/

**ORDER  DENYING PETITION TO ISSUE SUBPOENA**
**AND MOTION TO DISMISS INDICTMENT**

Defendant Manolo Garza, who pleaded guilty to and was sentenced for drug trafficking crimes, has filed a motion to dismiss the indictment, in which he questions the proceedings before the grand jury, which led to his indictment.  He also asks to inspect a list of names of the grand jurors who voted the indictment, and he has filed a petition for a subpoena to discover the same information.  Garza's motions are untimely and have no merit.  Therefore, they will be denied.

I.

On March 4, 2014, a grand jury in Detroit, Michigan returned an indictment charging Garza and others with various conspiracy crimes related to his operation of a drug trafficking organization that distributed large quantities of cocaine and heroin.  A superseding indictment was returned on May 14, 2014, which added several more defendants.  On January 29, 2015, Garza pleaded guilty to conspiracy to distribute 5 kilograms or more of cocaine, conspiracy to distribute a kilogram or more of heroin, and conspiracy to use a communication facility to commit a drug trafficking offense. He was sentenced on June 11, 2015 to a 180-month prison term pursuant to his plea agreement with

the government.  Garza did not file an appeal and his conviction became final on June 26, 2015.  The

motion to dismiss the indictment was filed *pro se* on September 18, 2015.

Garza argues that this Court did not have subject matter jurisdiction to try this case because

the prosecution failed to meet the standards of Federal Rule of Criminal Procedure 6 and the Fifth

Amendment.  He contends that the grand jury indictment was signed by the grand jury foreman

alone, and was therefore not "found" by the requisite 12 jurors.  Furthermore, he argues that the

United States Department of Justice ceased reporting the number of "true bills" on its website in

1992.  Presumably, Garza is arguing that because the Department of Justice is no longer reporting

the number of true bills on its website, there have been no true bills since 1992.  Therefore, he

contends, because the indictment was faulty, the Court did not have subject matter jurisdiction in

this case and his conviction and sentence under the government's "fraudulent" indictment should

be vacated.

Garza also filed a petition seeking (1) the list of names of qualified grand jurors who voted

the indictment in this case, and (2) the "transcripts of the 12 grand jurors who voted the indictment

in open court before the magistrate judge."  He seeks this information because he believes that the

government violated Federal Rule of Criminal Procedure 6 and the Fifth and Fourteenth

Amendments by relying on an indictment that had not been "found" by the requisite twelve grand

jurors.  It also appears that Garza is objecting to the indictment because the grand jury foreperson

signed the indictment "/s/ Grand Jury Foreperson" rather than by the foreperson's actual signature.

II.

Garza's motion to dismiss the indictment is untimely.  He challenges the proceedings before

the grand jury, contending a defect in the manner in which the indictment was returned ought to

derail the prosecution of his crimes.  However, "an error in the grand-jury proceeding" "must be raised by pretrial motion."  Fed. R. Crim. P. 12(b)(3)(A)(v); *see also United States v. Edmond*, --- F.3d---, 2016 WL 832834, at \*5 (6th Cir. Mar. 3, 2016).  Garza filed no motions in his case until after his conviction became final.  The Court may enlarge the time for filing pretrial motions if the defendant "shows good cause."  Fed. R. Crim. P. 12(c).  Garza has not made such a showing.

Garza has framed his challenge as a jurisdictional attack.  Rule 12(b)(2) states that "[a] motion that the court lacks jurisdiction may be made at any time *while the case is pending*." (Emphasis added.)  But Garza's conviction became final on June 26, 2015.  *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (holding that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals").  His case is no longer pending, and his challenge, therefore, comes too late.  *United States v. Elso*, 571 F.3d 1163, 1165 (11th Cir. 2009) (holding that under former Rule 12(b)(3)(B), a district court lacked the authority to hear a motion for relief from judgment because no case was "pending" before the district court; the case was no longer pending for the purposes of Rule 12(b)(3)(B) when the circuit court issued the mandate on direct appeal); *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (holding that "[a]fter a final judgment has been entered, and no direct appeal has been filed, a case is no longer pending and Rule 12(b)(3)(B) cannot be invoked to challenge jurisdiction"); *United States v. Wolff*, 241 F.3d 1055, 1057 (8th Cir. 2001) (finding that under former Rule 12(b)(2) (2001), "[a]fter final judgment was entered and Wolff did not file a direct appeal, the proceedings were no longer pending.").

Nor may Garza have access to the information he seeks.  He has asked for the "transcripts" of the twelve grand jurors who returned the indictment in open court before the magistrate judge. But Rule 6(f) states that the grand jury indictment need only be returned by "its foreperson or deputy foreperson."  He also criticizes the docketed indictment that contains the electronic signature of the "Grand Jury Foreperson."  However, "the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."  *Hobby v. United States*, 468 U.S. 339, 345 (1984).

Garza also asks for a list of the names of the grand jurors voting for the indictment.  As a practical matter, that information is not available in the grand jury minutes.  Grand jury proceedings must be transcribed, "[e]xcept while the grand jury is deliberating or voting."  Fed. R. Crim. P. 6(e)(1).  Moreover, Rule 6(e) embodies the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts."  *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958).  Criminal defendants "are not normally entitled to the names of the members of the grand juries that indicted them."  *In re Grand Jury Investigation*, 903 F.2d 180, 182 (3d Cir. 1990) (citing *United States v. McLernon*, 746 F.2d 1098, 1122-23 (6th Cir. 1984)).

Under limited circumstances, "[t]he court may authorize disclosure — at a time, in a manner, and subject to any other conditions that it directs — of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(ii).  However, a party seeking disclosure of grand jury material under Rule 6(e) must demonstrate a "'particularized need' rather than a general one."  *United States v. Short*, 671 F.2d 178, 186 (6th Cir. 1982) (quoting *Procter & Gamble Co.*, 356 U.S. at 682); *see also Douglas Oil Co. v. Petrol Stops NW*, 441 U.S. 221, 222

(1979).  To meet that standard, parties must establish that the "material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co.*, 441 U.S. at 222.

Garza has not demonstrated a particularized need for the list of names of the grand jurors who voted to indict him.  The grand jury foreperson's duties are clerical in nature, and "[e]ven the foreman's duty to sign the indictment is a formality."  *Hobby*, 468 U.S. at 344-45.  A defect in the foreperson's signature, standing alone, would not necessarily provide a ground to dismiss the indictment.  *Ibid.*  Furthermore, there is no "injustice" to avoid in another judicial proceeding because there is no other judicial proceeding pending.  And there is no basis to indulge Garza's fishing endeavor; the need for continued secrecy of the grand jury process far outweighs Garza's scrawny interest in obtaining the names of the persons who voted to indict him.

### III.

Garza pleaded guilty in this case and received the sentence he bargained for.  His belated attempt to challenge the validity of his prosecution has no merit and is untimely.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss indictment [dkt. #539] and his petition to issue a subpoena [dkt. #609] are **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 21, 2016

<div style="border:1px solid black; background:#ccc; padding:10px;">

**<u>PROOF OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 21, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI

</div>