UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANOLO A. GARZA,

                Petitioner,                Criminal Case Number 14-20117
                                                           Civil Case Number 16-12402
v.                                     Honorable David M. Lawson

UNITED STATES OF AMERICA,

                Respondent.
_____/

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE,
DENYING MOTION TO APPOINT COUNSEL, AND DENYING
APPLICATION TO PROCEED *IN FORMA PAUPERIS***

      Petitioner Manolo A. Garza pleaded guilty to drug trafficking crimes and was sentenced to a custody term of 180 months in accordance with a plea bargain he struck with the government. On June 24, 2016, Garza filed a motion asking the Court to vacate his sentence under 28 U.S.C. § 2255, a motion to appoint counsel, and an application to proceed *in forma pauperis*. In his petition, Garza argues that he is entitled to resentencing under the rule recently announced by the Supreme Court in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015) (holding that "an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."), which was made retroactive to cases on collateral review by its decision in *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016). The so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which was invalidated by the *Johnson* decision, provided an alternate definition of the term "violent felony," which in turn was used to identify qualifying predicate offenses that triggered the ACCA's enhanced sentencing provisions for felons unlawfully possessing firearms.

Garza was not sentenced under the ACCA. Nor was his sentencing guideline score calculated on the basis of an language in the Sentencing Guideline manual that parroted the terminology invalidated by the Supreme Court in *Johnson*. The Court has not directed the government to respond, because the petition is subject to summary dismissal. *See* Rule 4(b), Rules Governing Section 2255 Proceedings.

## I.

On March 4, 2014, a grand jury in Detroit, Michigan returned an indictment charging Garza and others with various conspiracy crimes related to his operation of a drug trafficking organization that distributed large quantities of cocaine and heroin in southeastern Michigan. A superseding indictment was returned on May 14, 2014, which added several more defendants. On January 29, 2015, Garza pleaded guilty to conspiracy to distribute five kilograms or more of cocaine, conspiracy to distribute a kilogram or more of heroin, and conspiracy to use a communication facility to commit a drug trafficking offense. He was sentenced on June 11, 2015 to a 180-month prison term. Garza did not file an appeal and his conviction became final on June 26, 2015.

For sentencing purposes, the petitioner was held accountable for 520 kilograms of cocaine and 260 kilograms of heroin, which equates to 360,000 kilograms of marijuana equivalency, yielding a base offense level of 38. U.S.S.G. § 2D1.1(c)(1). The base offense level was increased by four levels because the petitioner was an organizer or leader of the criminal activity that involved five or more participants. U.S.S.G. § 3B1.1(a). Finally, the Court subtracted three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). The net offense level was 39. The petitioner's substantial criminal history placed him in criminal history category VI, because of his status as a career offender. In 2002, the petitioner was convicted of second-degree murder in state court and

-2-

received a substantial prison sentence, and also in 2002 he was convicted in federal court of conspiracy to possess with intent to distribute and to distribute cocaine and marijuana, 21 U.S.C. §§ 841(a)(1) and 846, also earning a substantial prison sentence.  The criminal history category score was increased by two points because he committed the offense in this case while he was on supervised release.  U.S.S.G. § 4A1.1(d).  A criminal history score of eight establishes a criminal history category of IV.  However, because the defendant was considered a career offender under U.S.S.G. § 4B1.1(b), having committed the present offenses after committing a crime of violence and a felony drug trafficking offense, his criminal history category was VI.  But applying the guideline table to the offense level, both criminal history scores yielded a guideline range of 360 months to life.

## II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeded the maximum penalty allowed by law, or "is otherwise subject to collateral attack."  28 U.S.C. § 2255.

After a motion under 28 U.S.C. § 2255 is filed, the Court must undertake a preliminary review of the motion to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Rule 4(b), Rules Governing § 2255 Cases.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the motion.  *Campbell v. United States*, 977 F.2d 580 (6th Cir. 1992) ("Generally, a motion to vacate may be summarily denied pursuant to Rule 4(b), Rules Governing § 2255 Proceedings, if it appears from the motion that petitioner is not entitled to relief.")

(citing *United States v. Sanders*, 723 F.2d 34, 35-36 (8th Cir. 1983)). No response to the motion is necessary if the motion is frivolous, obviously lacks merit, or if the necessary facts can be determined from the motion itself without considering a response from the State. *See Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983) ("A hearing is unnecessary where . . . the motion, files and records conclusively show that the prisoner is not entitled to relief.").

The petitioner argues that he should be resentenced because his prior drug conspiracy conviction under 21 U.S.C. §§ 841(a)(1) and 846 is no longer a valid predicate offense under U.S.S.G. § 4B1.1(b) in light of *Johnson v. United States*. In *Johnson*, the Supreme Court invalidated the ACCA's residual clause as unconstitutionally vague. 135 S. Ct. at 2563. "The Act increases sentences for offenders who have three previous convictions for violent felonies or serious drug offenses." *United States v. Pawlak*, ---F.3d---, 2016 WL 2802723, at *1 (6th Cir. May 13, 2016) (citing 18 U.S.C. § 924(e)(1)). The Act defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another; or . . . is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . ." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556.

The career offender guideline, U.S.S.G. § 4B1.1(a), increases the sentencing guideline range of those convicted of a "crime of violence" or a "controlled substance offense" who have at least two prior felony convictions of such offenses. A "crime of violence" is defined as an offense punishable by over one year of imprisonment that:

-4-

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (emphasis added). In *Pawlak*, the Sixth Circuit found that the *Johnson* rationale applied with equal force to the identical residual clause under U.S.S.G. § 4B1.2(b). *United States v. Pawlak*, ---F.3d---, 2016 WL 2802723, at *4 (6th Cir. May 13, 2016). *Johnson* is of no help to Garza, however, because his prior drug conspiracy conviction under 21 U.S.C. §§ 841(a)(1) and 846 is not considered a crime of violence under the residual clause in U.S.S.G. § 4B1.2(a). Instead, that conviction was counted as a controlled substance offense, which was unaffected by *Johnson*. His prior second-degree murder conviction counted as a predicate offense because it "ha[d] an element the use, attempted use, or threatened use of physical force against the person of another," viz., the killing of another human being. Neither of Garza's prior offenses were defined as predicate offenses under the career offender guideline provision because of the discredited residual clause.

III.

After a preliminary review of the petitioner's motion, the Court finds that the motion and records of the case conclusively show that the prisoner is not entitled to relief under section 2255. Therefore, no response to the motion is necessary because the motion obviously lacks merit.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt #630] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for appointment of counsel [dkt. #633] is **DENIED**.

-5-

It is further **ORDERED** that the petitioner's application to proceed *in forma pauperis* [dkt. #632] is **DENIED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 11, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI